No. 92-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

WILLIAM A. MANLEY and
MARGARET H. MANLEY,

      Plaintiffs and Respondents,

  -vs-

WILLIAM GRIMES and HILDRETH GRIMES,
and R. V. BOTTOMLY and IRENE BOTTOMLY,

      Defendants and Appellants.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Monte D. Beck, Attorney at Law, Bozeman, Montana
          Donald Ostrem; Graybill, Ostrem, Warner & Crotty,
          Great Falls, Montana

      For Respondents:

          Robert J. Sewell, Jr.; Smith Law Firm, Helena
          Montana

FILED

MAR 3 0 1993

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  January 28, 1993

Decided:  March 30, 1993

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an action for the partition of recreational property located near the community of Lincoln, Montana. Appeal is taken from a December 13, 1991 order of the District Court for the First Judicial District, Lewis and Clark County. We dismiss the appeal because we conclude that the order from which appeal is taken is not an appealable order.

In view of our holding that the December 13, 1991 order is not an appealable order under Rule 1, M.R.App.P., we will not discuss the other issues raised.

The record evidences a dispute between former friends and neighbors who had been co-tenants on a tract of land for over thirty years. R.V. and Irene Bottomly initially owned the entire parcel. They conveyed an undivided one-half interest to William and Margaret Manley in 1958 and, in 1980, a one-half of their undivided half interest to William and Hildreth Grimes. A cabin located on the property was jointly utilized by all the parties over a number of years.

In May 1986, the Manleys filed this action to enjoin the Grimeses from building another cabin on the property and for partition of the property. The matter was set for trial in November of 1987. Immediately before trial, the parties met outside the court and discussed a resolution of the case.

Counsel advised the court that a settlement had been reached and that appropriate papers would be filed at a later date. Although the specifics of the agreement were not entered into the

court record, the trial was vacated. Despite numerous efforts since that time, the parties have never submitted to the court a settlement agreement signed by all of them.

On May 3, 1991, the Bottomlys and the Grimeses filed a "Petition for an Order" in which they asserted that judgment should be entered pursuant to an attached "Stipulation for entry of judgment and decree of partition" based on the oral agreement reached by the parties in November 1987. The stipulation was executed by the Bottomlys and the Grimeses and their counsel but not by the Manleys or their counsel.

Argument on the "Petition for an Order" was heard by the District Court on September 5, 1991. After receiving briefs, the District Court entered its decision on December 13, 1991, ordering as follows:

> IT IS HEREBY ORDERED that the motion to enforce the oral settlement agreement and to enter a decree of partition is DENIED. The parties are hereby given until January 31, 1992, to resolve the controversy. If this Court does not receive a notice of settlement by that date, partition proceedings will be ordered in accordance with Title 70, Chapter 29, of the Montana Code Annotated.

From this order, the Bottomlys and the Grimeses appeal.


Is the District Court's December 13, 1991 order appealable under Rule 1, M.R.App.P.?

Rule 1, M.R.App.P., provides in part:

(b) In civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:

(1) From a final judgment . . . .

(2) . . . from such interlocutory judgments or orders, in

3

actions for partition as determine the rights and interests of the respective parties and direct partition to be made.

In this case, the December 13, 1991 order of the District Court is not a final judgment. Nor is it an interlocutory judgment or order which determines the rights of the parties and directs partition to be made. The Bottomlys and the Grimeses illogically assert that the order determines the rights of the parties because it rejects their offered stipulation. The court's order merely gives the parties an extension of time "to resolve the controversy." The court stated that, if the matter was not resolved within the time allowed, then the court would order partition proceedings. Partition will not occur until after the referees file their report with the court and the court decides to confirm, modify, or set aside the report or to appoint new referees. Section 70-29-212, MCA. We hold that the December 13, 1991 order is not appealable.

The Bottomlys and the Grimeses claim that the issue of the appealability of the December 13, 1991 order is moot because of this Court's previous denial of the Manleys' motion to dismiss this appeal. An issue is moot when it has ceased to exist. This Court's summary order denying the motion to dismiss did not obliterate this issue; it merely postponed our consideration of it until a full review of the record was made.

IT IS ORDERED that this matter is dismissed and shall be returned to the District Court for further proceedings in compliance with that court's December 13, 1991 order.

_John Conway Harrison_
Justice

4

We concur:

Karla M. Gray

Justices

Justice William E. Hunt, Sr., dissenting.

I dissent. If the oral agreement in Hetherington v. Ford Motor Company (1993), Montana Supreme Court Cause No. 91-602, was a binding contract, as concluded by the majority, then the stipulation agreed to by the parties in this case is even more of a binding contract because all of the parties were present at the time the stipulation was made, and all of the parties orally agreed to execute the contract. In Hetherington, it was the attorneys who spoke for the plaintiffs and agreed to a contract that, in my opinion, was not fully determined, while here, it was clear that the parties reached an oral agreement in each other's presence, which was subsequently reduced to writing by the Manleys' attorney. The document was executed by the Bottomlys and Grimeses, but not by the Manleys. The District Court order does determine the rights of the parties because the Bottomlys and Grimeses are entitled to enforce their contract with the Manleys for the partition of the property, based on the rationale in Hetherington. I would hold that the order was final and appealable and I would reverse the District Court.

_____
Justice

6